UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
ELI TARIN and
LILIA TARIN,
    Debtors.                                    No. 7-08-12316 SL

PHILIP J. MONTOYA,
    Plaintiff,
v.                                                   Adv. No. 09-1084 S

SAMUEL TARIN,
JOVITA REESE,
JPMORGAN CHASE BANK, NA,
ELI TARIN, JR.,
ELI TARIN,
LILIA TARIN,
    Defendants.

**FINDINGS OF FACT AND CONCLUSIONS
OF LAW ON JP MORGAN CHASE BANK, N.A.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

    This matter is before the Court on JP Morgan Chase Bank,
N.A.'s ("Chase") Motion for Summary Judgment ("Motion")(doc 51),
Plaintiff's Response (doc 60) and Chase's Reply (doc 63).  Chase
is represented by its attorneys Seyfarth Shaw LLP (David W.
Waddell and Judd M. Treeman).  Plaintiff is represented by his
attorneys Moore, Berkson & Gandarilla, P.C. (George M. Moore,
Bonnie B. Gandarilla).  This is a core proceeding to determine,
avoid or recover a preference.  28 U.S.C. § 157(b)(2)(F).  The
Court has reviewed the file of this adversary proceeding and the
materials submitted in connection with the Motion, and is
otherwise fully informed.  For the reasons set forth below, the
Court finds the Motion well taken and will dismiss the claims
against JP Morgan Chase Bank, N.A.

## THE COMPLAINT

Debtors filed their bankruptcy petition on July 17, 2008 and Plaintiff is the Chapter 7 trustee. He filed this action on June 9, 2009.

Count 3 of Plaintiff's complaint is addressed to Washington Mutual[1] and seeks to recover a $75,000 preference that Debtors allegedly paid to Washington Mutual, plus any interest paid in the ninety days before the bankruptcy filing. It alleges that in 2007 Jovita Reese ("Reese"), Eli Tarin's sister, obtained cash from her Washington Mutual account in the amount of $75,000 on Debtors' behalf. It further alleges that on or about June 24, 2008, Debtors paid Washington Mutual the $75,000 principal and that they also paid all interest in monthly payments, estimating that $82,000 was paid during the preference period. It further alleges that Debtors owed this debt to Reese and the payments were made to Washington Mutual on her behalf and that this was an antecedent debt. It further alleges that during the preference period the Debtors were insolvent and that the payments by Debtors to Washington Mutual allowed Reese to receive more than she would have received herein if the transfers had not occurred.

---

[1]JP Morgan Chase Bank, N.A. acquired certain assets and liabilities of Washington Mutual from the FDIC on September 28, 2008. The account involved in this adversary was one of the assets transferred. See Affidavit of Mirzoyan, doc 43-1.

Case 09-01084-s    Doc 65    Filed 04/15/11    Entered 04/15/11 13:26:00 Page 2 of 12

Therefore, the Plaintiff claims the payments are avoidable preferences that should be recovered.

Chase filed its answer, denying substantially all of Plaintiffs allegations for lack of information, and specifically denying that it received a voidable preference.  It also asserted affirmative defenses under Section 550(b)(1).

Chase filed this Motion on its Section 550 affirmative defenses.  It argues that because Chase was an innocent purchaser of the account that allegedly contains the funds allegedly transferred preferentially, Section 550 will not permit recovery.

**SUMMARY JUDGMENT**

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Bankruptcy Rule 7056(c)[2].  In

---

[2]Bankruptcy Rule 7056 incorporates Fed.R.Civ.P. 56.  This motions was filed September 28, 2010. Rule 56, before its 2010 amendments (effective December 1, 2010) provided:

Rule 56. Summary Judgment
...
(b) By a Defending Party.  A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.
(c) ... The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.
...
(e) Affidavits; Further Testimony.
    (1) In General.  A supporting or opposing
(continued...)

Case 09-01084-s    Doc 65    Filed 04/15/11    Entered 04/15/11 13:26:00 Page 3 of 12

determining the facts for summary judgment purposes, the Court

may rely on affidavits made with personal knowledge that set

forth specific facts otherwise admissible in evidence and sworn

or certified copies of papers attached to the affidavits.

Fed.R.Civ.P. 56(e).  When a motion for summary judgment is made

and supported by affidavits or other evidence, an adverse party

may not rest upon mere allegations or denials.  Id.  Rather,

---

[2](...continued)
    affidavit must be made on personal knowledge, set
    out facts that would be admissible in evidence,
    and show that the affiant is competent to testify
    on the matters stated.  If a paper or part of a
    paper is referred to in an affidavit, a sworn or
    certified copy must be attached to or served with
    the affidavit.  The court may permit an affidavit
    to be supplemented or opposed by depositions,
    answers to interrogatories, or additional
    affidavits.
    (2) Opposing Party's Obligation to Respond.  When
    a motion for summary judgment is properly made and
    supported, an opposing party may not rely merely
    on allegations or denials in its own pleading;
    rather, its response must--by affidavits or as
    otherwise provided in this rule--set out specific
    facts showing a genuine issue for trial.  If the
    opposing party does not so respond, summary
    judgment should, if appropriate, be entered
    against that party.
(f) When Affidavits Are Unavailable.  If a party
opposing the motion shows by affidavit that, for
specified reasons, it cannot present facts essential to
justify its opposition, the court may:
    (1) deny the motion;
    (2) order a continuance to enable affidavits to be
    obtained, depositions to be taken, or other
    discovery to be undertaken; or
    (3) issue any other just order.
...
Fed.R.Civ.P. 56 (2009).

"Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." <u>Id.</u> The court does not try the case on competing affidavits or depositions; the court's function is only to determine if there is a genuine issue for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

In ruling on a motion for summary judgment, the trial court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. <u>Mountain Highlands, LLC v. Hendricks</u>, 616 F.3d 1167, 1169-70 (10th Cir. 2010)(citing <u>Garrison v. Gambro, Inc.</u>, 428 F.3d 933, 935 (10th Cir. 2005)). On those issues for which it bears the burden of proof at trial, the nonmovant "must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [its] case in order to survive summary judgment." <u>Id.</u> at 1170 (quoting <u>Cardoso v. Calbone</u>, 490 F.3d 1194, 1197 (10th Cir. 2007)) (internal quotation marks omitted). "[F]ailure of proof of an essential

Case 09-01084-s   Doc 65   Filed 04/15/11   Entered 04/15/11 13:26:00 Page 5 of 12

element renders all other facts immaterial." <u>Id.</u> (quoting <u>Koch v. Koch Indus., Inc.</u>, 203 F.3d 1202, 1212 (10th Cir.), <u>cert. denied</u>, 531 U.S. 926 (2000)).

New Mexico LBR 7056-1 governs summary judgment motions. It provides, in part:

> The memorandum in support of the motion shall set out as its opening a concise statement of all of the material facts as to which movant contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies.

> A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the movant's fact that is disputed. All material facts set forth in movant's statement that are properly supported shall be deemed admitted unless specifically controverted.

## CHASE'S AFFIRMATIVE DEFENSE

Chase's affirmative defense is based on Section 550, which provides, in relevant part:

**§ 550. Liability of transferee of avoided transfer**
(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.
(b) The trustee may not recover under section (a)(2) of this section from--

(1) a transferee that takes for value, including
satisfaction or securing of a present or
antecedent debt, in good faith, and without
knowledge of the voidability of the transfer
avoided; or
(2) any immediate or mediate good faith transferee
of such transferee.

**DISCUSSION**

While normally on a motion for summary judgment the Court

would start with a recitation of the facts it finds not to be in

dispute, in this case it is not necessary. Chase has

specifically identified admissions in the record which establish

a total defense.

1.   In <u>Bailey v. Big Sky Motors (In re Ogden)</u>, 314 F.3d 1190

(10th Cir. 2002), the Court of Appeals for the Tenth Circuit

discussed both Sections 547 and 550 of the Bankruptcy Code.

In order to resolve this case, we must apply two
sections of the Bankruptcy Code, 11 U.S.C. § 547 and 11
U.S.C. § 550. Generally, § 547 allows a trustee to
avoid a preferential transfer of assets by a
debtor-transferor to a creditor-transferee if certain
conditions are met. This section thus allows a trustee
to require the transferee to return assets to the
estate so that they may be more equitably divided among
all creditors. Section 550 provides a defense to some
transferees who have acted in good faith, barring the
trustee's recovery of assets when the transferee had no
awareness of the debtor's pending bankruptcy.
Under both sections, the definition of a
"transferee" is of central importance: the trustee may
always recover assets from an "initial transferee." See
11 U.S.C. § 550(a)(1). However, assets may only be
recovered from "any immediate or mediate transferee of
such initial transferee" if the immediate or mediate
transferee fails to take the asset "in good faith" and
takes it with "knowledge of the voidability of the
transfer avoided." 11 U.S.C. § 550(a)(2) and (b). In
other words, an initial transferee is strictly liable

Page -7-

to the trustee if the transaction is avoidable under §
547, but an entity that receives assets from an initial
transferee in good faith and without knowledge of the
avoidability of the transfer may assert a defense
against the trustee.

Id. at 1195-96.

2.  In this case, Plaintiff can recover only if he can establish

a preference.  An essential element of a preference is that

it "enables such creditor to receive more than such creditor

would receive if – (A) the case were a case under Chapter 7

of this title; (B) the transfer had not been made; and (C)

such creditor received payment of such debt to the extent

provided by the provisions of this title."  Section

547(b)(5).

Plaintiff admitted that he had no evidence to support

the proposition that any interest payment was a transfer

that satisfied section 547(b)(5), and had no evidence to

support the proposition that any principal payment was a

transfer that satisfied section 547(b)(5).  See Chase's

Response in Opposition to Motion by Plaintiff to Compel,

Exhibit K ("Plaintiff's discovery responses"), doc 59-11,

p.8, requests 30 and 32.

Because he cannot prove a preference, the Plaintiff may

not recover it under Section 550.

3.  Plaintiff admitted that Chase was not an initial transferee

of any transfer.  See Plaintiff's discovery responses, p.

Page -8-

16-18, requests 72 through 79 (admitting that Washington Mutual received the payments and applied them to Reese's antecedent debt owed to Washington Mutual.) <u>See</u> Plaintiff's discovery responses, p., requests 80, 81, 84 and 85.

4.  Plaintiff admitted that all payments were for the benefit of Reese and not for the benefit of Chase. <u>See</u> Plaintiff's discovery responses, p.4, requests 12 and p.24, requests 110-112.

5.  Plaintiff cannot recover the payments under Section 550(a)(1) because Chase was neither an initial transferee nor were the payments for Chase's benefit.

6.  Plaintiff admitted Washington Mutual took the payments in good faith and that he has no evidence otherwise. <u>See</u> Plaintiff's discovery responses, p. 18 and 19, requests 80, 81, 84 and 85.

7.  Plaintiff admitted Washington Mutual took the payments without knowledge of any voidability of the transfers and that he has no evidence otherwise. <u>See</u> Plaintiff's discovery responses, p. 18 and 19, requests 82, 83, 86 and 87.

8.  Plaintiff admitted that Chase took any allegedly avoidable transfers for value and that he has no evidence otherwise. <u>See</u> Plaintiff's discovery responses, p. 21-23, requests 98-100 and 103-04.

9.  Plaintiff admitted that Chase took any allegedly avoidable transfers without any knowledge of their avoidability and that he has no evidence otherwise.  <u>See</u> Plaintiff's discovery responses, p. 23, requests 107 and 108.

10. Plaintiff admitted that Chase took Reese's Washington Mutual account in good faith and that he has no evidence otherwise. <u>See</u> Plaintiff's discovery responses, p. 23, requests 105 and 106.

11. Therefore, if any recovery is to be had from Chase, it would be under Section 550(a)(2) for Chase being am immediate or mediate transferee of an initial transferee.  However, under Section 550(b), a trustee may not recover from such a transferee if it took for value, in good faith, and without knowledge of the voidability of the transfer avoided; or if it took through such a transferee.

12. Chase took for value, in good faith, and without knowledge of the voidability of any payment it received.  Furthermore, it also took through such a transferee (Washington Mutual). The Trustee cannot prevail.

<u>**SUMMARY**</u>

For the reasons stated, the claims against Chase will be dismissed with prejudice.  Furthermore, the pending Motion to Compel filed by Plaintiff (doc 58) will be denied as moot.

Finally, Plaintiff's Motion to Extend Time to File Response to

Chase's Motion for Summary Judgment will be denied as moot.[3]

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  April 15, 2011

Copies to:

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
PO Box 7459
Albuquerque, NM 87194

George M Moore
Moore, Berkson & Gandarilla, P.C.
PO Box 7459
Albuquerque, NM 87194

---

[3]The motion for an extension of time should also be denied
as not in conformance with Fed.R.Civ.P. 56(f) which requires an
affidavit setting forth specifics of the additional discovery
needed.
   In this circuit, a party seeking to defer a ruling on
   summary judgment under Rule 56(f) must provide an
   affidavit "explain[ing] why facts precluding summary
   judgment cannot be presented." Comm. for the First
   Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir.
   1992) (citation omitted).  This includes identifying
   (1) "the probable facts not available," (2) why those
   facts cannot be presented currently, (3) "what steps
   have been taken to obtain these facts," and (4) "how
   additional time will enable [the party] to" obtain
   those facts and rebut the motion for summary judgment.
   Id.; see also Price [v. Western Resources, Inc.], 232
   F.3d [779] at 783 [(10th Cir. 2000)] ("Rule 56(f) does
   not operate automatically.  Its protections ... can be
   applied only if a party satisfies certain
   requirements.").
Valley Forge Ins. Co. v. Health Care Mgt. Partners, 616 F.3d
1086, 1096 (10th Cir. 2010).

Case 09-01084-s   Doc 65   Filed 04/15/11   Entered 04/15/11 13:26:00 Page 11 of 12

Cleve J Glenn
Seyfarth Shaw LLP
700 Louisiana Street, Suite 3700
Houston, TX 77002

David W Waddell
Seyfarth Shaw LLP
700 Louisiana Street, Suite 3700
Houston, TX 77002